Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MELISA SOTO MONTALVO<br><br>Recurrida<br><br>v.<br><br>YESMAR DELGADO GARCÍA<br><br>Peticionario | KLCE202500332 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020RF00958<br><br>Sobre: Patria Potestad y Alimentos |

Panel integrado por su presidente, el Juez Bonilla Ortiz[1], la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece Yesmar Delgado García (en adelante, peticionario) mediante un recurso de *certiorari,* para solicitarnos la revisión de la *Resolución* emitida el 4 de marzo de 2025 y notificada el 6 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Juan.[2] Mediante la *Resolución* recurrida, el foro primario declaró *Con Lugar* una moción de reconsideración presentada por Melisa Soto Montalvo (en adelante, recurrida). A esos efectos, el referido foro ordenó a la Examinadora de Pensiones Alimentarias (EPA) a incluir, en el cómputo de la pensión, los gastos relacionados a la educación de la menor procreada entre las partes en el Colegio Lourdes. Además, autorizó a que la menor continuara matriculada en el aludido colegio. De otra parte, dado a que la recurrida matriculó a la menor en el colegio sin contar con la autorización del

---

[1] Mediante la Orden Administrativa TA-2025-070 del 9 de mayo de 2025, se designó al Hon. Fernando J. Bonilla Ortiz para entender y votar en el caso de epígrafe en sustitución del Hon. Abelardo Bermúdez Torres.
[2] Apéndice del recurso, a las págs. 124-132.

Número Identificador

RES2025_____

aquí peticionario, en violación a las facultades conferidas por la patria potestad que este ostenta sobre la menor, el tribunal *a quo* le impuso a la recurrida una sanción de $100.00 dólares, a favor del Fondo General de la Rama Judicial, la cual debía ser pagada en el término de treinta (30) días.

Surge de los autos ante nuestra consideración que las partes del título son los progenitores de la menor MKD, la cual, al presente, tiene cinco (5) años de edad. Allá, para el 4 de junio de 2021, mediante una *Sentencia* de alimentos, notificada el 7 de ese mismo mes y año, el foro primario fijó una pensión alimentaria permanente a favor de la menor.[3]

Pasado un tiempo, y transcurrido el tiempo reglamentario para poder solicitar la revisión de la pensión alimentaria, el 21 de agosto de 2024, la recurrida presentó una moción a los fines de solicitar la revisión y un aumento de la referida pensión.[4]

Luego, el 21 de octubre de 2024, el peticionario presentó una réplica a la antedicha moción, en la cual, a su vez, solicitó la revisión y rebaja en la pensión alimentaria.[5] Fundamentó su petición en que se encontraba desempleado y en que cesó su beneficio de desempleo, lo cual era su fuente de ingresos para cumplir con la aludida pensión.

Tras varios trámites procesales innecesarios de pormenorizar, el 5 de noviembre de 2024, el peticionario incoó una *Moción objetando gasto de colegio y/o educación privada.*[6] En la misma, acentuó que, en la Planilla Personal y Económica, la recurrida reclamó gastos del Colegio Lourdes para el año 2024-2025. Adujo que esta nunca le consultó en cuanto este particular y que él no autorizó a que la menor fuese matriculada en el referido colegio. Así

---

[3] Apéndice 1 del recurso, a las págs. 1-3.
[4] Apéndice 2 del recurso, a las págs. 4-5.
[5] Apéndice 4 del recurso, a las págs. 37-38.
[6] Apéndice 6 del recurso, a las págs. 41-42.

pues, solicitó al foro primario a que no considerara el gasto del colegio al momento de revisar la pensión alimentaria o que, en la alternativa, ordenara a la recurrida a asumir el pago completo de los costos de la educación privada.

En reacción, el 18 de noviembre de 2024, la recurrida replicó a la moción presentada por el peticionario. Planteó que el matricular a la menor en una institución privada fue una decisión basada en el bienestar de la niña y sus necesidades.[7] Alegó que le consultó al peticionario sobre este asunto y le solicitó su consentimiento, sin embargo, este manifestó su desacuerdo y no ofreció alternativas viables. Así, pues, la recurrida solicitó que se declara sin lugar la solicitud del peticionario y que, en consecuencia, se tomara en consideración los gastos escolares para el cómputo de la pensión alimentaria.

Evaluadas las posturas de las partes, incluyendo una dúplica incoada por el peticionario,[8] mediante *Resolución* del 20 de noviembre de 2024, notificada al día siguiente, el tribunal de instancia dispuso que, dado a que la recurrida reconoció que el peticionario no consintió a que la menor asistiera al colegio privado, el gasto no debía ser incluido en el cómputo de la pensión.[9]

En desacuerdo, el 5 de diciembre de 2024, la recurrida presentó una moción de reconsideración, a fin de que se tomaran en cuenta los gastos escolares para el cómputo de la pensión alimentaria.[10] En síntesis, arguyó que el foro primario falló al no considerar si, pese a que el peticionario no consintió a que la menor fuese matriculada en el colegio, la educación privada que recibía la menor contribuía a sus mejores intereses. Insistió, en que la razón por la cual seleccionó el Colegio Lourdes fue dado a que estaba

---

[7] Apéndice 8 del recurso, a las págs. 44-57.
[8] Apéndice 9 del recurso, a las págs. 58-76.
[9] Apéndice 10 del recurso, a las págs. 77-78.
[10] Apéndice 11 del recurso, a las págs. 79-91.

ubicado cerca de su trabajo y se ajustaba a su horario laboral, lo cual era indispensable, puesto a que no contaba con apoyo alguno para llevar y recoger a la menor a la escuela. Ello, principalmente, dado a que el peticionario residía en los Estados Unidos. A su vez, detalló que, conforme a una evaluación cognoscitiva realizada a la menor, se sugirió que la menor asistiera a un centro educativo con estructura clara y específica en el área académica. Por otra parte, acentuó que la menor había estado en instituciones privadas desde los nueve (9) meses de edad, por lo que nunca formó parte del sistema público de educación.

Examinado lo anterior, mediante *Orden* del 10 de diciembre de 2024, notificada al día siguiente, el foro primario concedió un término al recurrido para replicar a la antedicha moción y aclaró que la determinación del Tribunal, vigente al momento, no eximía al peticionario de contribuir a los gastos generales asociados a la escolaridad de la menor, como tampoco de contribuir a los gastos individuales de aprendizaje o si se requería un cuido para la menor a los efectos de que la madre custodia pudiese trabajar.[11]

Así las cosas, el 7 de enero de 2025, el peticionario mediante una moción en cumplimiento de orden se opuso a que el tribunal reconsiderara su determinación.[12] Arguyó en su escrito que los planteamientos de la recurrida no justificaban el haberlo privado del ejercicio de la patria potestad sobre la menor. De otro lado, arguyó que el mero hecho de que la niña tenga ciertas necesidades especiales no justificaba el haberla matriculado en el referido colegio sin su consentimiento. Además, planteó que la necesidad especial que tiene la menor estaría mejor atendida a través de los servicios ofrecidos por el Departamento de Educación.

---

[11] Apéndice 12 del recurso, a las págs. 92-93.
[12] Apéndice 14 del recurso, a las págs. 95-103.

Evaluados los escritos de las partes, mediante *Resolución* del 8 de enero de 2025, notificada el 10 de ese mismo mes y año, el tribunal *a quo* señaló una vista evidenciara, a celebrarse el 18 de febrero de 2025.[13] Celebrada la vista evidenciaria, el 4 de marzo de 2025, el foro primario emitió la *Resolución* en reconsideración que nos ocupa, la cual fue notificada el 6 de ese mismo mes y año.[14] En la *Resolución* recurrida, el foro de instancia ordenó a la EPA a incluir en el cómputo de pensión alimentaria los gastos relacionados a la educación de la menor en el Colegio Lourdes. Por otro lado, sancionó a la recurrida por la suma de $100.00 dólares por violación al ejercicio de la patria potestad sobre la menor. Como parte del dictamen recurrido, el tribunal inferior emitió cuarenta y cinco (45) determinaciones de hechos las cuales incorporamos por referencia a esta *Resolución*.[15] Además, el foro *a quo* esbozó conclusiones de derecho para llegar a la decisión tomada.[16]

Inconforme con el curso decisorio, el 1 de abril de 2025, el peticionario acudió ante esta curia mediante el presente recurso y esgrimió la comisión de dos (2) errores. Luego, el 4 de abril de 2025, el peticionario presentó una solicitud para que, en síntesis, se elevara ante nos la prueba oral, permitiera la presentación de una exposición narrativa de la prueba oral y la posterior presentación de un alegato suplementario. En respuesta, mediante *Resolución* del 8 de abril de 2025, ordenamos al foro de instancia a remitirnos la grabación de la vista celebrada el 18 de febrero de 2025. Además, concedimos al peticionario hasta el 15 de abril de 2025, para presentar un proyecto de exposición narrativa de la prueba oral, así como un término a la parte recurrida para presentar sus objeciones o se entendería como estipulada. De otro lado, presentado el

---

[13] Apéndice 15 del recurso, a las págs. 104-106.
[14] Apéndice 18 del recurso, a las págs. 124-132.
[15] *Íd.*, a las págs. 125-128.
[16] *Íd.,* a las págs.128-130.

proyecto de exposición narrativa, otorgamos al peticionario un término de veinte (20) días para presentar su alegato suplementario.

De ahí, el 15 de abril de 2025, el peticionario presentó la exposición narrativa de la prueba oral. Conforme a las órdenes previamente impartidas, mediante *Resolución* emitida el 21 de abril de 2025, concedimos a la parte recurrida hasta el 25 de abril de 2025, para presentar sus objeciones a la exposición narrativa de la prueba oral, así como que concedimos al peticionario hasta el 5 de mayo de 2025, para presentar su alegato suplementario. Por otro lado, dimos por cumplida nuestra *Resolución* del 8 de abril de 2025, en torno al recibo de la grabación de la vista celebrada el 18 de febrero de 2025.

Luego, el 25 de abril de 2025, compareció la recurrida mediante *Moción en cumplimiento de orden y oposición a exposición narrativa de la prueba.* Esbozó su oposición a la exposición narrativa presentada por el peticionario. A su vez, presentó en lo específico sus objeciones a la misma. Además, solicitó que se ordenara al peticionario presentar una transcripción de la prueba oral. Entretanto, mediante *Resolución* emitida el 28 de abril de 2025, dimos por cumplida nuestras *Resoluciones* del 8 y 21 de abril de 2025, en cuanto las objeciones presentadas, declaramos *No Ha Lugar* la solicitud de que se presentara una transcripción de la prueba oral y dispusimos que, este Tribunal procedería a escuchar la regrabación de los procedimientos tomando en consideración la exposición narrativa y las objeciones.

Así las cosas, el 5 de mayo de 2025, el peticionario presentó su alegato suplementario.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[17] este Tribunal tiene la facultad de prescindir de

---

[17] 4 LPRA Ap. XXII-B, R.7 (B)(5).

términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al alegato suplementario.

Sabido es que al amparo de la Regla 52.1 de Procedimiento Civil[18] el Tribunal de Apelaciones puede, mediante un recurso de *certiorari*, revisar órdenes o resoluciones interlocutorias emitidas por el foro primario en casos de relaciones de familia. A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[19] A esos efectos, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades, excepto en aquellas situaciones en que se demuestre que este: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[20] Por otra parte, a la hora de evaluar si procede la expedición del auto discrecional, se deberán tomar en consideración los criterios establecidos en la Regla 40 del Tribunal de Apelaciones.[21]

Tras evaluar las posturas de las partes y celebrar una vista evidenciaria, el tribunal de instancia concluyó que fue en el mejor bienestar de la menor haberla matriculado en una escuela cercana al trabajo de la recurrida y con cuido extendido. Ello, tras concluir que lo anterior, permite que la recurrida pueda recoger a la menor luego de culminada su jornada laboral. A su vez, el foro primario razonó que, previo a asistir al Colegio Lourdes, la menor asistía a un cuido privado, cuyo costo ascendía a $384.58 dólares mensuales y estaba incluido en la pensión alimentaria. Esto es importante puesto

---

[18] 32 LPRA Ap. V, R. 52.1.
[19] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[20] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[21] 4 LPRA Ap. XXII-B, R. 40.

a que los costos educativos actuales del Colegio Lourdes suman $368.33 dólares mensuales,[22] que es una cantidad menor a la establecida previamente en la pensión para la educación de la menor. Asimismo, el tribunal recurrido detalló que la circunstancia laboral del peticionario, quien reside fuera de Puerto Rico, había mejorado desde que se estableció la pensión alimentaria, dado a que ya no se encontraba desempleado y actualmente contaba con un empleo del cual recibe un salario neto $2,306.02 dólares. En virtud de lo expuesto, el foro primario dispuso que se debía incluir en el cómputo de la pensión los gastos relacionados a la educación de la menor en el Colegio Lourdes. Ahora bien, le impuso a la recurrida una sanción por haber matriculado a la menor en el referido colegio sin contar con el consentimiento del peticionario, en violación al ejercicio de la patria potestad.

Luego de haber evaluado con detenimiento el expediente en su totalidad, incluyendo, además, la *Resolución* objeto de revisión, la grabación de la vista celebrada, la exposición narrativa de la prueba, las objeciones presentadas, el alegato suplementario, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Es por lo anterior, que no atisbamos razón para intervenir. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal[23], hemos acordado denegar la expedición del auto de *Certiorari.*

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

---

[22] Puntualizamos que en esta suma no incluye el gasto de matrícula anual de $620.00 dólares Véase Apéndice del recurso, a la pág. 17.
[23] 4 LPRA Ap. XXII-B, R. 40.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones